Frederick L. SELZ, Appellant,

v.

FRIENDLY CHEVROLET,
LTD., Appellee.

No. 05–03–00430–CV.

Court of Appeals of Texas,
Dallas.

Jan. 6, 2005.

Carmen Carrasco Urias, Irving, for Appellant.

Jeffrey L. Clark, Kelsoe, Anderson, Khoury & Clark, P.C., Dallas, for Appellee.

Before Justices MOSELEY, FITZGERALD, and LANG.

## OPINION

Opinion by Justice MOSELEY.

Frederick L. Selz sued Friendly Chevrolet, Ltd. alleging Friendly refused to pay him pursuant to the terms of a written compensation agreement. The trial court granted summary judgment on Selz's claims. For the reasons that follow, we affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

In August 2001, Friendly hired Selz, who was then living in Georgia, to be a general sales manager in Dallas, Texas. Selz and his family moved to Dallas. It is undisputed that Selz was an at-will employee. On September 9, 2001, Selz and John Trautman, Friendly's general manager, signed a written compensation agreement, titled "Payplan." On November 15, 2001, Friendly fired Selz.

Selz sued Friendly. Friendly answered, generally denying the allegations and specifically alleging the affirmative defense of payment and that Selz had been an at-will employee. Friendly filed a motion for summary judgment and a supplemental motion for summary judgment that included both traditional and no-evidence grounds.[1] Attached as an exhibit to one of the affidavits filed in support of Friendly's original or supplemental motion was a copy of the Payplan. (In his brief, Selz states that the "Payplan" Friendly submitted with its supplemental motion for summary judgment is the parties' written compensation agreement.)

Selz filed a response, a supplemental response, and a two affidavits directed to the merits of his claims. The first hearing on Friendly's motion was continued, and the final hearing was held on March 11, 2003.[2] Eight days before the final hear-

1. Selz's original petition named "Friendly Chevrolet Management LLC" as the defendant. Selz's claims against this defendant were dismissed on summary judgment. This appeal concerns Selz's claims against Friendly Chevrolet Ltd. Because Selz acknowledges in his brief that Friendly Chevrolet, Ltd. is the proper defendant, we need not consider the summary judgment record as to Friendly Chevrolet Management LLC.

2. There is no reporter's record of either hearing in the appellate record.

ing, Selz filed his response to Friendly's supplemental motion, as well as his second amended petition. Accordingly, the second amended petition is Selz's active pleading as of the final hearing.[3]

In his second amended petition, Selz alleged three "counts": breach of contract, promissory estoppel, and fraudulent misrepresentation. Under his breach of contract count, Selz alleged that he was not paid a $16,000 per month base salary and 2.25 percent of gross profits pursuant to the parties' written agreement. Under his promissory estoppel count, Selz alleged that in reliance on the promise of $16,000 monthly salary and 2.25 percent of gross profits, he and his family moved to Texas, his wife resigned from her employment, and Selz "incurred expenses pursuant to relocation and to his detriment."

Under his fraudulent misrepresentation count, Selz alleged: (1) Friendly represented to him that his salary would be $16,000 per month, commissions of 2.25 percent of gross profits, and the agreement would be reduced to a written contract; (2) Friendly's promise was material to Selz's acceptance of the employment offer and relocation; (3) the representation was false because Friendly "failed to keep promise to [Selz] by failing to conform agreement to a written contract and refusing to pay for relocation expenses agreed upon"; (4) Friendly made the representation with the intent that Selz would accept the employment offer; (5) Selz relied on this representation by accepting the position and relocating his family; and (6) because of Selz's reliance on Friendly's

representation, Selz suffered injury "including loss of earning capacity and loss of wages and commission." [4]

After the March 11 hearing, the trial court specifically granted Friendly's motion for summary judgment and supplemental motion, but without stating the grounds on which it relied, and ordered that Selz take nothing on each of his claims. This appeal timely followed. In three issues, Selz challenges the summary judgment granted in Friendly's favor on each claim on the grounds that the cause of action "should have been sustained in light of the evidence before the trial court."

## ADEQUATE TIME FOR DISCOVERY

Before addressing the evidence before the trial court, we first address the argument embedded in Selz's brief that "there was a genuine issue of material fact" because the discovery period had not ended by the time the order granting summary judgment was entered and Selz had not yet requested production of the documents to prove his claim. The production or non-production of documents is not germane to whether the summary judgment record supports the trial court's judgment—either it does or it does not. Rather, we interpret Selz's argument as a contention that the trial court abused its discretion in ruling on Friendly's motions for summary judgment before the end of the discovery period because it failed to give Selz adequate time to respond to the motion.

3. See TEX.R. CIV. P. 63 (providing for calculating time periods for filing amended pleadings); *Cantu v. Holiday Inns, Inc.*, 910 S.W.2d 113, 115 (Tex.App.-Corpus Christi 1995, writ denied) (noting "key date for purposes of Rule 63[is] the date of the final hearing from which the summary judgment sprang").

4. See *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 222 (Tex.1992) (stating elements of fraudulent misrepresentation); *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983) (stating elements of promissory estoppel); *Kay v. N. Tex. Rod & Custom*, 109 S.W.3d 924, 927 (Tex.App.-Dallas 2003, no pet.) (stating elements of breach of contract).

However, when a party "contends that it has not had adequate time for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance." *Tenneco Inc. v. Enter. Prod. Co.*, 925 S.W.2d 640, 647 (Tex. 1996) (citing TEX. RS. CIV. P. 166a(g), 251, 252). Neither of Selz's responses to Friendly's motions for summary judgment was verified. Nor is there an affidavit explaining the need for further discovery or a verified motion for continuance in the record on appeal. Accordingly, we reject any argument that the trial court erred in granting summary judgment in Friendly's favor because of lack of adequate time for discovery. We now turn to the issues of whether the trial court erred in granting summary judgment "in light of the evidence before the trial court."

## STANDARD OF REVIEW AND APPLICABLE LAW

The standard of review in a traditional summary judgment case is well-established. *See* TEX.R. CIV. P. 166a(c); *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 23 (Tex.1990). In reviewing a summary judgment, evidence favorable to the non-movant will be taken as true. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). Every reasonable inference in favor of the nonmovant is allowed, and all doubts are resolved in its favor. *Id.* To prevail on summary judgment, a defendant as movant must either disprove at least one element of each of the plaintiff's theories of recovery or plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Hoover v. Gregory*, 835 S.W.2d 668, 671 (Tex.App.-Dallas 1992, writ denied). We note that payment is an affirmative defense under rule of civil procedure 94. *See*

TEX.R. CIV. P. 94; *Southwestern Fire & Cas. Co. v. Larue*, 367 S.W.2d 162, 163 (Tex.1963); *Rea v. Sunbelt Sav., FSB*, 822 S.W.2d 370, 372 (Tex.App.-Dallas 1991, no writ).

Rule 166a(i) also permits a party to file a "no-evidence" motion for summary judgment:

> After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.

TEX.R. CIV. P. 166a(i). "The motion must be specific in challenging the evidentiary support for an element of a claim or defense; paragraph (i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case." TEX.R. CIV. P. 166a(i) Notes & Cmts.

When the trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, the summary judgment will be affirmed on appeal if any theory advanced has merit. *Weiner v. Wasson*, 900 S.W.2d 316, 317 n. 2 (Tex.1995); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989).

## DISCUSSION

Selz argues that he presented evidence as to each of his claims, thus precluding summary judgment in Friendly's favor. There appears to be no dispute about the terms of the Payplan. Selz would be paid a monthly "guaranteed draw against commission" of $16,000, a 2.25 percent commis-

sion on the monthly amount of Friendly's gross profits, and a year-end bonus. The Payplan also provided that Friendly would "reimburse one month housing and moving expenses."

### Payment of Salary and Commissions

■ In its supplemental motion for summary judgment, Friendly asserted that its affirmative defense of payment was established as a matter of law. In support of its motion, Friendly attached the affidavit of Mark Eddins, Friendly's president. Eddins identified the "Payplan" (which was attached to his affidavit), signed by both Selz and Trautman, as the parties' written compensation agreement and stated that Selz was "paid all amounts due in accordance with said written compensation agreement." Also attached to Eddins's affidavit were Friendly's payroll records showing monthly payments to Selz for August through November 2001 for both the $16,000 base salary and the 2.25 percent commission on gross profits. Thus, Friendly conclusively established that it had paid the base salary and commission, thereby establishing its affirmative defense to Selz's causes of action asserting these items as damages. *See Clear Creek Basin Auth.*, 589 S.W.2d at 678. Accordingly, the burden shifted to Selz to raise a fact issue as to payment of these amounts.

In his responses, Selz asserted that he had not been properly paid for all earned wages and commissions. In his first and third affidavits, Selz stated that Friendly refused to fully pay him for earned commissions. Friendly objected to these statements in Selz's affidavits on grounds that they were legal conclusions. The trial court did not rule on Friendly's objections. On appeal, Friendly argues that "[t]here is no summary judgment evidence from Selz disputing any of the specific facts con-

tained" in the exhibits showing monthly payments.

■ Affidavits consisting only of conclusions are insufficient to raise an issue of fact. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984). When summary judgment evidence raises only a mere suspicion or surmise of a fact in issue, no genuine issue of material fact exists to defeat summary judgment. *Wiggins v. Overstreet*, 962 S.W.2d 198, 200 (Tex.App.-Houston [14th Dist.] 1998, writ denied).

Selz's affidavits did not point to any facts supporting his conclusion that Friendly refused to pay him in full. For example, he presented no evidence or argument that there was a written compensation agreement or a promise of payment other than the Payplan; the payroll records were incorrect or did not reflect the amounts he was paid; or that Friendly miscalculated any payment amount or used incorrect gross profit figures to calculate commissions. We conclude that Selz's statements are nothing more than sworn repetitions of the allegations in his pleadings. They are no more than conclusions or a mere surmise or suspicion. *See id.*

■ Selz also relied on his second amended petition as evidence to raise a fact issue on payment of these amounts. However, pleadings themselves do not constitute summary judgment proof. *See Clear Creek Basin Auth.*, 589 S.W.2d at 678. Accordingly, Selz's second amended petition is not proper summary judgment evidence.

We conclude that after Friendly produced evidence establishing its defense of payment of monthly salary and commissions, Selz failed to carry his burden to present evidence raising a fact issue precluding summary judgment. Accordingly, the trial court did not err in granting summary judgment in Friendly's favor on

Selz's claims for failure to pay monthly salary and commissions pursuant to the parties' written compensation agreement.

### Payment of Relocation Expenses

■ Friendly's payroll records showed payment only for monthly salary and commissions, not for any relocation expenses. Accordingly, Friendly's summary judgment evidence does not support its assertion that it established its defense of payment by paying "all monies due." Because Friendly did not conclusively prove its affirmative defense of payment of the relocation expenses, Selz had no burden to present summary judgment evidence to the contrary under the traditional summary judgment standard. *See Deer Creek Ltd. v. N. Am. Mortgage Co.*, 792 S.W.2d 198, 200–01 (Tex.App.-Dallas 1990, no writ).

■ However, Friendly also moved for summary judgment on no-evidence grounds. Citing rule 166a(i), Friendly asserted that Selz "has no evidence that any compensation amount is due and owing to [him]." In his supplemental motion, citing rule 166a(i), Friendly asserted that "there is no evidence of any monies due to [Selz] under the written pay plan."

■ We note that a no-evidence summary judgment motion must state the specific elements as to which there is no evidence, that is, it must not be general or conclusory. TEX.R. CIV. P. 166a(i); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207 (Tex.2002); *Thomas v. Omar Invs., Inc.*, 129 S.W.3d 290, 294 (Tex.App.-Dallas 2004, no pet.); *In re Estate of Swanson*, 130 S.W.3d 144, 147 (Tex. App.-El Paso 2003, no pet.). We also note the movant cannot file a no-evidence motion for summary judgment on an affirmative defense that it has the burden to prove at trial. *Thomas*, 129 S.W.3d at 294; *Nowak v. DAS Inv. Corp.*, 110 S.W.3d 677,

680 (Tex.App.-Houston [14th Dist.] 2003, no pet.).

However, Selz did not challenge the legal sufficiency or propriety of the motions on appeal. *See Crocker v. Paulyne's Nursing Home, Inc.*, 95 S.W.3d 416, 419 (Tex.App.-Dallas 2002, no pet.) (holding that nonmovant may challenge legal sufficiency of no-evidence motion for first time on appeal). And although Selz asserts that the trial court erred in granting summary judgment on his claims "in light of the evidence before the trial court," he does not cite the no-evidence standard and does not point to any evidence regarding the agreed-upon relocation expenses.

■ We may not reverse a trial court's judgment in the absence of properly assigned error. *Vawter v. Garvey*, 786 S.W.2d 263, 264 (Tex.1990). Accordingly, we cannot conclude the trial court erred in granting summary judgment in Friendly's favor on Selz's claims for failure to pay relocation expenses.

### CONCLUSION

Because Friendly conclusively proved its affirmative defense of payment of monthly salary and commissions pursuant to the parties' written compensation agreement and Selz failed to produce evidence raising a fact issue as to payment of those amounts and, furthermore, Selz failed to challenge the legal sufficiency of the no-evidence motions as to payment of relocation expenses, the trial court did not err in granting summary judgment on all Selz's claims. We need not address the other ground on which Friendly moved for summary judgment, i.e., that Selz's at-will status precluded all his claims as a matter of law. We affirm the trial court's judgment.