**Reverse and Remand and Opinion Filed August 2, 2022**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-20-00127-CV**
_____

**MATTHEW SIDWELL, Appellant**
**V.**
**ZUO MODERN CONTEMPORARY, INC., Appellee**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-17-03192-E**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Osborne

The trial court granted summary judgment to appellee Zuo Modern Contemporary Inc. in this products liability suit. Appellant Matthew Sidwell appeals, alleging in one issue that the trial court erred by granting Zuo's motion. Concluding that Zuo did not establish its right to judgment as a matter of law, we reverse the trial court's judgment and remand for further proceedings.

### BACKGROUND

We summarize the facts as pleaded by Sidwell in his operative petition. On June 16, 2015, Sidwell was at work at Florida Tile, Inc. While attending a meeting in Florida Tile's conference room, Sidwell fell and was injured after sitting in a chair

he alleged had been manufactured and sold by Zuo. Sidwell pleaded that a pin in the chair's reclining mechanism unexpectedly unlocked, causing him to fall backward. He filed suit alleging that the chair was defectively designed, unreasonably dangerous, and lacked adequate warnings and instructions for use. He alleged that Zuo participated in the design of the chair, exercised control over the warnings and instructions that accompanied the chair, and actually knew of the defect when it supplied the chair to Florida Tile. Citing section 402A, Restatement (Second) of Torts, Sidwell sought damages for past and future medical care, past and future pain and suffering, and other categories of damages.

Zuo answered and moved for summary judgment. Its operative "Amended Traditional and No-Evidence Motion for Summary Judgment" sought summary judgment on two grounds:

1. *No evidence*: Zuo sought a no-evidence summary judgment on the ground that Sidwell had no evidence of a defect and no evidence of a safer alternative design, and in the alternative,

2. *Traditional*: Zuo sought a traditional summary judgment on the ground that it did not manufacture the chair.

Zuo offered five exhibits in support of its motion: (1) Sidwell's operative petition, (2) Sidwell's deposition transcript, (3) Zuo's own interrogatory answers, (4) Report of Johnie P. Spruiell, P.E., Zuo's expert, opining that "[b]ased on our inspection, testing, and analysis, our opinion is that the involved and exemplar chairs were not

–2–

modified after they were manufactured. Our further opinion is that the controls of the chairs functioned in a manner consistent with their design, labeling, and manufacture," and (5) excerpts from the deposition of Sidwell's expert witness John Smith, P.E.

There is no reporter's record of a hearing on Zuo's motion. The clerk's record includes a letter from the trial court to the parties advising them of its ruling:

> Before the court is defendant's amended traditional and no evidence motion for summary judgment. The court, after review, finds that the motion should be granted on the first ground raised by defendant—that is, plaintiff's claim is barred by Chapter 82 of the Texas Civil and Practice Remedies Code. Because the court finds that ground to be meritorious, it does not reach the second ground—that is, there is no evidence that the chair was defective. Attached is a courtesy copy of the court's order. This correspondence is incorporated into the court's order.

The trial court's subsequent judgment, however, recites that the trial court granted judgment on both traditional and no-evidence grounds:

> Having reviewed Defendant's Amended Traditional and No-Evidence Motion for Summary Judgment, and all other papers on file in this cause, the Court is of the opinion that such Amended Traditional and No-Evidence Motion for Summary Judgment should be granted.

> It is accordingly ORDERED, ADJUDGED and DECREED by the Court that the Defendant's Amended Traditional and No-Evidence Motion for Summary Judgment is hereby granted.

Sidwell timely filed this appeal. In his sole issue, Sidwell contends the trial court erred by granting summary judgment.

STANDARD OF REVIEW

We review a trial court's granting of summary judgment de novo. *Arana v. Figueroa*, 559 S.W.3d 623, 627 (Tex. App.—Dallas 2018, no pet.). Zuo sought summary judgment on both traditional and no-evidence grounds. Accordingly, we set forth the standards of review for both. TEX. R. CIV. P. 166a(c), (i); *see also Arana*, 559 S.W.3d at 627.

"We first review the trial court's summary judgment under the standards of review for no-evidence summary judgment, potentially pretermitting the need for further analysis." *Arana*, 559 S.W.3d at 627 (citing *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013)). No-evidence summary judgments are reviewed under the same legal sufficiency standards as directed verdicts. *Id.* The nonmovant must present evidence that raises a genuine issue of material fact on the challenged elements of the claim. *Id.* (citing TEX. R. CIV. P. 166a(i)). A no-evidence challenge will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *Merriman*, 407 S.W.3d at 248.

In a traditional summary judgment, the party moving for summary judgment has the burden to establish that there is no genuine issue of material fact and it is entitled to judgment as a matter of law, "notwithstanding the nonmovant's response

–4–

or lack thereof." *B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 258–59 (Tex. 2020) (per curiam); TEX. R. CIV. P. 166a(c); *see also Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003) (discussing burden of proof for traditional motion). If the movant satisfies its burden, the burden shifts to the nonmovant to present evidence that raises a genuine issue of material fact. *Affordable Motor Co., Inc. v. LNA, LLC*, 351 S.W.3d 515, 519 (Tex. App.—Dallas 2011, pet. denied).

### APPLICABLE LAW

**1.     Chapter 82, Texas Civil Practice and Remedies Code**

Zuo relied on civil practice and remedies code Chapter 82 in support of its summary judgment motion. *See* TEX. CIV. PRAC. & REM. CODE §§ 82.001–.008 (Products Liability). Section 82.005 applies where, as here, a claimant has alleged a design defect. Subsection 82.005(a) places the burden of proof "on the claimant to prove by a preponderance of the evidence that: (1) there was a safer alternative design, and (2) the defect was a producing cause of the personal injury . . . for which the claimant seeks recovery." *Id.* § 82.005(a).[1]

---

[1] Sidwell argues that his claims arise under § 402A of the Restatement (Second) of Torts and the common law, and contends that Chapter 82 does not "replace section 402A or the common law except in limited circumstances," citing § 82.005(e). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 82.005(e) ("This section is not declarative, by implication or otherwise, of the common law with respect to any product and shall not be construed to restrict the courts of this state in developing the common law with respect to any product which is not subject to this section."). He argues that Chapter 82 provides only a right of indemnity by a seller against a manufacturer, not "a total bar to [the seller's] liability with respect to Plaintiff's claims." But as we discuss, the supreme court has explained that "Chapter 82 is a liability-restricting statute" that reduces "the pool of potentially liable non-manufacturing sellers" by providing "that non-manufacturing

Chapter 82 also limits the circumstances under which a "nonmanufacturing seller" may be liable to a claimant. *See Amazon.com, Inc. v. McMillan*, 625 S.W.3d 101, 109 (Tex. 2021) ("Chapter 82 is a liability-restricting statute."); *Gen. Motors Corp. v. Hudiburg Chevrolet, Inc.*, 199 S.W.3d 249, 262 (Tex. 2006) ("The purpose of section 82.002 is to protect innocent sellers who are drawn into products liability litigation solely because of the vicarious nature of that liability by assigning responsibility for the burden of the litigation to product manufacturers."). "[N]on-manufacturing sellers are not liable for product defects unless one of the enumerated exceptions" in § 82.003 applies. *McMillan*, 625 S.W.3d at 109; *see* TEX. CIV. PRAC. & REM. CODE § 82.003 ("Liability of Nonmanufacturing Sellers").

In *McMillan*, the court described section 82.003 as "imposing liability on a non-manufacturing seller when—among other things—it has altered, helped design, or created instructions for a defective product, or when the manufacturer is insolvent or not subject to the court's jurisdiction." *McMillan*, 625 S.W.3d at 109. Specifically, section 82.003 includes seven exceptions to the general rule that a nonmanufacturing seller is not liable for harm caused to a claimant by a product defect. TEX. CIV. PRAC. & REM. CODE § 82.003. These seven exceptions provide for liability if the manufacturer is insolvent or not subject to jurisdiction of the court, or if the seller: (1) participated in the product's design, (2) altered or modified the product,

---

sellers are not liable for product defects unless one of the enumerated exceptions applies." *Amazon.com, Inc. v. McMillan*, 625 S.W.3d 101, 109 (Tex. 2021).

(3) installed the product, (4) exercised control over the product's warnings, (5) made an express factual representation about the product that was incorrect, or (6) actually knew of a defect at the time the seller supplied the product. TEX. CIV. PRAC. & REM. CODE § 82.003(a)(1)–(7). For subsections (2) through (6), the claimant's harm must have resulted from the specific alteration, installation, warning, representation, or known defect alleged. *Id.* In his operative petition, Sidwell pleaded that Zuo participated in the design of the chair, exercised substantial control over the content of warnings and instructions that accompanied the chair, and actually knew of the chair's defect at the time it supplied the product. *See id.* § 82.003(a)(1), (4), and (6).

Section 82.003 places the burden of proving one of these exceptions on the claimant. "A seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves" one of section 82.003(a)'s seven exceptions. *Id.* § 82.003(a). As the court concluded in *McMillan*, "Chapter 82 does not expand the pool of potentially liable non-manufacturing sellers beyond those recognized at common law; it reduces that pool." *McMillan*, 625 S.W.3d at 109.

Section 82.003, however, is silent on the question of which party bears the initial burden to prove that a defendant is a "seller that did not manufacture a product." *See Acosta v. Suomy S.R.L.*, No. 2:14-CV-455, 2016 WL 4679021, at *1 n.1 (S.D. Tex. Sept. 6, 2016) (mem. op. & order). In *Acosta*, a wrongful death case involving alleged defects in a motorcycle helmet, the court identified the burden of

proof issue and collected cases discussing the question. *See id.* But the court did not actually decide the question, concluding that the matter was not necessary to its decision in the case. *See id.* (because the relevant facts were undisputed, "the Court need not decide who bears the burden to prove initially that [the defendant] is a 'seller that did not manufacture' the product, § 82.003(a)"). None of the cases referenced in the *Acosta* footnote actually decided the question, either. *See Transcon. Ins. Co. v. Briggs Equip. Tr.*, 321 S.W.3d 685, 701 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("presum[ing] for the sake of argument" that the seller "first must show that it is a 'seller' to take advantage of section 82.003"); *Dennis v. Giles Grp., Inc.*, No. 04-07-00280-CV, 2008 WL 183062, at *7 n.3 (Tex. App.—San Antonio Jan. 23, 2008, no pet.) (mem. op.) (pretermitting burden of proof issue where plaintiff's no-evidence summary judgment response raised a fact issue under § 82.003(a)(7)(B) as to whether manufacturer of product was subject to trial court's jurisdiction); *Fields v. Klatt Hardware & Lumber, Inc.*, 374 S.W.3d 543, 548 (Tex. App.—San Antonio 2012, no pet.) (after claimant serves manufacturer as required under § 82.003(c), burden shifts to seller to establish personal jurisdiction over nonresident manufacturer).[2]

---

[2] The *Acosta* court's footnote also includes citations to three cases decided in the federal courts, each of which recognizes that section 82.003 places the burden of proof on the plaintiff to establish one or more of subsection (a)'s seven exceptions. *See Diamond H. Recognition LP v. King of Fans, Inc.*, 589 F. Supp. 2d 772, 776 (N.D. Tex. 2008); *Gonzalez v. Reed-Joseph Int'l Co.*, Civ. A. No. 4:11-cv-01094, 2013 WL 1578475, at *8 (S.D. Tex. Apr. 11, 2013) (mem. & order); *Gonzalez v. Estes, Inc.*, No. SA-10-CA-0038-XR, 2010 WL 610778, at *3 (W.D. Tex. Feb. 19, 2010) (order on motion to remand). In *Reed-Joseph International Co.*, the court also rejected the argument that the "innocent seller defense" in section 82.003

## 2. Summary judgment

We note three matters pertinent to Zuo's summary judgment motion. First, Zuo was not required to offer summary judgment evidence in support of its no-evidence motion. Rule 166a(i) provides that a party "without presenting summary judgment evidence may move for summary judgment" on no-evidence grounds. TEX. R. CIV. P. 166a(i). The motion must only "state the elements as to which there is no evidence." *Id.*; *see also B.C.*, 598 S.W.3d at 258–59 (movant seeking no-evidence summary judgment "need only identify 'one or more essential elements of a claim or defense . . . as to which there is no evidence,' and the burden then shifts to the nonmovant to produce 'summary judgment evidence raising a genuine issue of material fact'" [quoting TEX. R. CIV. P. 166a(i)]).

Second, in supporting a traditional motion for summary judgment or responding to a no-evidence summary judgment, a party may not rely on its own interrogatory answers. TEX. R. CIV. P. 197.3 ("Answers to interrogatories may be used only against the responding party."); *Watson v. Henderson*, No. 05-08-01158-CV, 2010 WL 175082, at *3 (Tex. App.—Dallas Jan. 20, 2010, pet. denied) (mem. op.) (citing, among other cases, *Yates v. Fisher*, 988 S.W.2d 730, 731 (Tex. 1998) (per curiam)); *see also Cianci v. M. Till, Inc.*, 34 S.W.3d 327, 330 (Tex. App.—

---

is an affirmative defense, reasoning that the statute "'clearly places the burden of proof upon a plaintiff to establish one of the exceptions to nonliability.'" *Reed-Joseph Int'l Co.*, 2013 WL 1578475, at *8 (quoting *Estes, Inc.*, 2010 WL 610778 at *5). None of these cases, however, directly addresses whether the claimant also bears the burden to establish that the seller did not manufacture the product.

–9–

Eastland 2000, no pet.) (defendant could not use its own interrogatory response as summary judgment evidence to establish affirmative defense).

Third, a party may not file a no-evidence motion for summary judgment on a matter, such as an affirmative defense, on which it has the burden of proof. *Kelly v. Brown*, 260 S.W.3d 212, 216 (Tex. App.—Dallas 2008, pet. denied) (citing *Selz v. Friendly Chevrolet, Ltd.*, 152 S.W.3d 833, 838 (Tex. App.—Dallas 2005, no pet.)).

With these principles in mind, we turn to Sidwell's sole issue asserting the trial court erred by granting summary judgment.

## DISCUSSION

### 1. No-evidence motion

We first consider Zuo's no-evidence motion alleging that Sidwell "has produced no evidence that the subject chair was defective and no evidence of a safer alternative design." *See Arana*, 559 S.W.3d at 627.

In response to Zuo's no-evidence motion, Sidwell bore the burden to offer summary judgment evidence regarding the existence of a design defect in the chair and a safer alternative design. *See* TEX. CIV. PRAC. & REM. CODE § 82.005 (burden of proof on claimant alleging design defect); TEX. R. CIV. P. 166a(i) (no-evidence motion).

Sidwell offered evidence, through the report and deposition testimony of his expert witness John J. Smith, an engineer, that the design of the chair was defective, that there were safer alternative designs, and that the defect was the producing cause

–10–

of Sidwell's injury. *See id.* § 82.005(a). In his report that was attached to Sidwell's summary judgment response, Smith explained that he inspected the chair and read Sidwell's interrogatory answers, deposition, report of injury form, and "medical data." He opined in part:

> 1. The data supports Mr. Sidwell attempting to sit in the chair and then falling rearward to the ground. This is different than a straight fall in that there are vertical, horizontal and angular accelerations. Additionally, each segment of his body was moving at a different rate resulting in differential loading.

> 2. The design of the chair allows the tilt lever to be shifted easily and does not lock in a set position. There is no easy way for a person to know the position of the tilt mechanism when they sit in the chair. Additionally, by using the same lever for two functions the tilt mechanism can be inadvertently moved.

> To prevent inadvertent activation, the tilt lever should require intentional engagement and should lock in both positions. The same lever should not be used for two functions unless they can be isolated by the operator.

Smith noted that "having the mechanism perform two functions when one is not locked out is inherently unsafe." He concluded that "[b]ased upon my education, experience and the above stated facts, it is my opinion that, the cause of the incident was the unsafe design of the subject chair. Additionally, the reported injuries are consistent with the applied forces in the event."

In his deposition, Smith explained further that the chair should have been designed so that "it took actual—an actual intent before that lever could be moved as opposed to being moved accidentally." While Smith declined to "tell them how to design their chairs," he suggested that placement of a "detent," which he defined

–11–

as "kind of like a notch" that "has to be released as opposed to just pushed from side to side," or to "make it spring activated so that it returns to a locked position when nobody is now working on the lever," would be ways to prevent "inadvertent activation." He continued, "So that's an example there. Do it as—do it with a spring. So there's ways to do it." He concluded that "I don't want to say they have to do it my way. I'm just saying there's clearly solutions."

We conclude this evidence is more than a "mere scintilla" supporting Sidwell's allegations that the design of the chair was defective and that there were safer alternative designs.[3] Consequently, we conclude that summary judgment was not proper on no-evidence grounds.

## 2. Traditional motion

We next consider Zuo's traditional motion, seeking judgment on the ground that Zuo did not manufacture the chair and consequently was "not liable for harm caused" to Sidwell by the chair's design. *See* TEX. CIV. PRAC. & REM. CODE § 82.003(a). As we have discussed, on its traditional motion Zuo bore the burden to establish there was no genuine issue of material fact and it was entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *B.C.*, 598 S.W.3d at 258–59.

---

[3] Zuo also argues that Smith's testimony is irrelevant because Sidwell did not first establish by summary judgment proof that one of section 82.003(a)'s exceptions to a nonmanufacturing seller's liability applied. But as we discuss below, we conclude that Zuo bore an initial burden of proof under section 82.003, making the issue inappropriate for a no-evidence summary judgment. *See Kelly*, 260 S.W.3d at 216 (party cannot file a no-evidence motion for summary judgment based on a matter on which it has the burden of proof).

Zuo, however, did not offer competent summary judgment proof that it did not manufacture the chair. *See* TEX. CIV. PRAC. & REM. CODE § 82.003(a) ("A seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves" one of the enumerated statutory exceptions). The only evidence Zuo offered to establish this fact was its own answer to one of Sidwell's interrogatories, which could not be used as evidence to support its own summary judgment motion. TEX. R. CIV. P. 197.3; *Watson*, 2010 WL 175082, at *3.

Although Zuo also offered competent summary judgment evidence that the chair was not modified after its manufacture and that the chair's controls "functioned in a manner consistent with their design, labeling, and manufacture," the expert report containing these conclusions did not include any information about the identity of the chair's manufacturer or any statement that Zuo did not design or manufacture the chair.

Because Sidwell raised a genuine issue of material fact regarding the existence of a defect in the chair's design, and Zuo did not offer competent summary judgment proof that it did not manufacture the chair, we sustain Sidwell's sole issue.

## CONCLUSION

We reverse the trial court's judgment and remand the case for further proceedings.

200127f.p05

/Leslie Osborne//
_____
LESLIE OSBORNE
JUSTICE

–13–



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

MATTHEW SIDWELL, Appellant

No. 05-20-00127-CV   V.

ZUO MODERN
CONTEMPORARY, INC., Appellee

On Appeal from the County Court at
Law No. 5, Dallas County, Texas
Trial Court Cause No. CC-17-03192-
E.
Opinion delivered by Justice
Osborne. Justices Schenck and
Partida-Kipness participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant Matthew Sidwell recover his costs of this appeal from appellee Zuo Modern Contemporary, Inc.

Judgment entered this 2nd day of August, 2022.