

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00349-CV

**ROBERT WILLIAMS,**

**Appellant**

 **v.**

**RUSSELL PARKER, INDIVIDUALLY AND
HEIR OF LAWANNA KEETH,**

**Appellee**

**From the 249th District Court
Johnson County, Texas
Trial Court No. C201100640**

## OPINION

Our opinion and judgment in this appeal dated July 23, 2015 are withdrawn. The opinion and judgment of this date are substituted in their place, respectively.

Lawanna Keeth was killed in a car accident. She crossed into oncoming traffic and struck a tractor-trailer, head-on. Keeth had diabetes, and her blood sugar was low at the scene of the accident. She died later at a hospital. The driver of the tractor-trailer, Robert Williams, was injured in the accident. He sued Russell Parker, individually and

as Keeth's heir, for negligence, negligence per se, and negligent entrustment. Parker filed a combined traditional and no-evidence motion for summary judgment which the trial court granted. Because the trial court erred in granting the motion, the trial court's judgment is reversed; and this case is remanded for further proceedings.

**SUMMARY JUDGMENT REVIEW**

We review a grant of a motion for summary judgment de novo. *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015); *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013). In a traditional motion for summary judgment, a movant must state specific grounds, and a defendant who conclusively negates at least one essential element of a cause of action or conclusively establishes all the elements of an affirmative defense is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Id.* In a no-evidence motion for summary judgment, the movant contends that no evidence supports one or more essential elements of a claim for which the nonmovant would bear the burden of proof at trial. TEX. R. CIV. P. 166a(i); *KCM Fin. LLC*, 2015 Tex. LEXIS 220, *18. The trial court must grant the motion unless the nonmovant raises a genuine issue of material fact on each challenged element. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (citing TEX. R. CIV. P. 166a(i)). If the order granting the motion for summary judgment, such as the one in this case, does not specify the grounds upon which judgment was rendered, we must affirm the judgment if any of the grounds in the motion for summary judgment is meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000);

*Lotito v. Knife River Corporation-South*, 391 S.W.3d 226, 227 (Tex. App.—Waco 2012, no pet.).

Further, if a no-evidence motion for summary judgment and a traditional motion for summary judgment are filed which respectively asserts the plaintiff has no evidence of an element of its claim and alternatively asserts that the movant has conclusively negated that same element of the claim, we address the no-evidence motion for summary judgment first. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *Lotito*, 391 S.W.3d at 227. The amended motion for summary judgment filed by Parker addressed the three causes of action raised by Williams' petition: ordinary negligence, negligence per se, and negligent entrustment. Parker asserts a traditional motion for summary judgment as to the ordinary negligence claim, a no-evidence and a traditional motion for summary judgment as to the negligence per se claim, and a no-evidence motion for summary judgment as to the negligent entrustment claim. Only the traditional and no-evidence motion for summary judgment as to the negligence per se claim addresses the same element. Thus, we will consider the motion for summary judgment as to each cause of action, separately; and, while considering the negligence per se cause of action, we will discuss the no-evidence motion for summary judgment first.

*Negligence*

Williams alleged in his first amended petition that Keeth failed to use ordinary

care while operating a motor vehicle which was a proximate cause of the accident. The elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach. *IHS Cedars Treatment Ctr. of Desoto, Texas, Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). The components of proximate cause are cause-in-fact and foreseeability. *See Western Invs. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005); *Mason*, 143 S.W.3d at 798.

Parker contends he conclusively established the defense of "unforeseeable incapacity," and thus, summary judgment was proper. In support of this defense, Parker cites to two cases which state:

> Unforeseeable incapacity as a bar to liability in negligence is based upon the principle that one is not negligent if an unforeseeable occurrence causes an injury. Under traditional negligence theory, it follows that [the defendant] was not negligent if he were incapacitated before the collision, the incapacity caused the collision, and his incapacitation was not foreseeable.

*Piatt v. Welch*, 974 S.W.2d 786, 788 (Tex. App.—El Paso 1998, no pet.); *Harvey v. Culpepper*, 801 S.W.2d 596, 598 (Tex. App.—Corpus Christi 1990, no writ).

Parker contends that there is no more than a scintilla of evidence to defeat his motion for summary judgment because the evidence presented shows that Keeth "lost conscious control" over her vehicle. In his brief, Parker contends Williams has failed to recognize the legal distinction between loss of conscious control with unconsciousness. However, Parker misunderstands the defense of unforeseeable incapacity. The cases Parker cites, and those authorities relied upon by those cases, are premised on whether

or not the person causing the accident *lost consciousness* at the time of the accident, not whether the person lost "conscious control" of the vehicle at the time of the accident. *See Piatt v. Welch*, 974 S.W.2d 786, 795 (Tex. App.—El Paso 1998, no pet.); *Harvey v. Culpepper*, 801 S.W.2d 596, 597-598 (Tex. App.—Corpus Christi 1990, no writ) *First City Nat'l Bank v. Japhet*, 390 S.W.2d 70, 74-75 (Tex. Civ. App.—Houston 1965, writ dism'd w.o.j.). *See also* ANNOTATION, *Liability for Automobile Accident Allegedly Caused by Driver's Blackout, Sudden Unconsciousness, or the Like*, 93 A.L.R. 3d 326, n. 3 (1979) ("Cases within the scope of this annotation are limited to those in which it was established or hypothesized that a driver lost consciousness prior to the occurrence of the accident.…").[1] Generally, if the person causing the accident lost consciousness and that loss of consciousness was unforeseeable, the defense would apply. *See id*.

There is some evidence in this case that Keeth did not lose either consciousness or conscious control before the accident. Williams stated in his affidavit and deposition that right before the impact, Keeth's head was positioned straight toward him and her eyes were open. Also, Williams stated he could see Keeth maneuvering her steering wheel to keep her vehicle headed straight. Peter Hardy stated in a witness statement given to Cleburne police that Keeth was in the car in front of him; that she was weaving from one shoulder of the roadway to the other, but going the normal rate of speed; and that when Hardy tried to get closer to Keeth to get a license plate number, Keeth's

---

[1] This particular annotation was cited by the court in *Harvey v. Culpepper*.

vehicle speed up. Moreover, even if Keeth lost consciousness, and much more important to our review given the summary judgment standard, there is some evidence that Keeth's loss of consciousness (or loss of conscious control) was foreseeable. Parker stated in his deposition that he did not know if Keeth took her insulin regularly; Keeth previously had diabetic episodes due to low blood sugar on at least three occasions in the two years before the accident where she either lost consciousness or was immobile but with her eyes open; and Keeth had candy with her to be prepared for such events. This evidence is enough to raise a fact question as to whether Keeth was, in fact, incapacitated and that the incapacity was unforeseeable. Thus, the trial court erred in granting Parker's traditional motion for summary judgment regarding Williams' ordinary negligence cause of action on the defense of unforeseeable incapacity as alleged.

*Negligence per se*

Williams also alleged in his first amended petition that Keeth was negligent per se in violating a traffic statute, and such negligence was a proximate cause of the accident. Under the common law, one person owes another the duty to act as a reasonably prudent person would act under the same or similar circumstances regarding any reasonably foreseeable risk. *Colvin v. Red Steel Co.*, 682 S.W.2d 243, 245 (Tex. 1984); *Great Atl. & Pac. Tea Co. v. Evans*, 175 S.W.2d 249, 250-51 (1943); *Kelly v. Brown*, 260 S.W.3d 212, 218 (Tex. App.—Dallas 2008, pet. dism'd). However, "[w]here

the Legislature has declared that a particular act shall not be done, it fixes a standard of reasonable care, and an unexcused violation of the statute constitutes negligence or contributory negligence as a matter of law." *Mo. Pac. R.R. Co. v. Am. Statesman*, 552 S.W.2d 99, 103 (Tex. 1977); *Kelly*, 260 S.W.3d at 218. The doctrine under which courts rely on a penal statute to define a reasonably prudent person's standard of care is referred to as negligence per se. *Reeder v. Daniel*, 61 S.W.3d 359, 361-62 (Tex. 2001).

Generally, the litigant alleging negligence per se as a ground of recovery must assume the burden of proving a statutory violation. *Moughon v. Wolf*, 576 S.W.2d 603, 604 (Tex. 1978); *Missouri P. R. R. Co. v. American Statesman*, 552 S.W.2d 99, 102 (Tex.1977); *L. M. B. Corporation v. Gurecky*, 501 S.W.2d 300 (Tex.1973). The typical submission of such a case includes an issue inquiring whether the party charged is actually guilty of legislatively proscribed conduct along with an issue inquiring whether the violative conduct was the proximate cause of the accident. *Moughon v. Wolf*, 576 S.W.2d at 604. The violator may excuse his conduct, but he must produce some evidence of a legally acceptable excuse. *Id*. at 604-605. Based upon the Restatement of Torts, Second (1965), section 288A, the Texas Supreme Court has recognized an actor's incapacity as a legally acceptable excuse. *Impson v. Structural Metals, Inc.*, 487 S.W.2d 694, 696 (Tex. 1972). Such "incapacity" could be a driver who is rendered physically incapable because of a health issue. *Id*.

Prior to asserting the grounds for his no-evidence and traditional motion for

summary judgment as to Williams' negligence per se cause of action, Parker, relying on the Amarillo Court of Appeals' opinion in *Hoppe v. Hughes*, 577 S.W.2d 773, 775 (Tex. Civ. App.—Amarillo 1979, writ ref'd n.r.e.), placed the burden on Williams, as an element of Williams' case, to prove the alleged statutory violation was "unexcused." The Amarillo Court was incorrect in placing the burden on a plaintiff claiming negligence per se that the violation was unexcused. The Supreme Court's opinion in *Wolf* places the burden to prove the violation was *excused* on the violator; in this case, Parker. *Wolf*, 576 S.W.2d at 604-605.

Parker asserted there was no evidence Keeth's statutory violation was unexcused. Because Williams did not have the burden to prove this element, the trial court's granting of Parker's no-evidence motion for summary judgment as to this cause of action was erroneous. *See* TEX. R. CIV. P. 166a(i); *Kelly v. Brown*, 260 S.W.3d 212, 218 (Tex. App.—Dallas 2008, pet. dism'd) ("appellees may not obtain summary judgment under *rule 166a(i)* based on the elements of their negligence per se affirmative defense.").

Parker also contended that because his expert's affidavit and the Cleburne Police Department investigation established Keeth was incapacitated due to her loss of "conscious control" and that incapacitation was unforeseeable, Parker was entitled to a judgment as a matter of law on the traditional motion for summary judgment. As stated previously, Parker incorrectly placed the burden on Williams to prove whether

the violated statute was unexcused. Thus, Parker presumed his evidence conclusively negated an essential element of Williams' negligence per se cause of action. Whether the violated statue was excused or unexcused was not an essential element Williams had to prove; thus, the trial court erred in granting a traditional motion for summary judgment on the basis that Parker conclusively negated an essential element of Williams' negligence per se cause of action.[2]

*Negligent Entrustment*

Lastly, Williams alleged in his first amended petition that Parker was "guilty of negligent entrustment" because he knew or should have known Keeth was a "negligent and reckless driver." The elements of negligent entrustment are: (1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have known to be unlicensed, incompetent, or reckless; (4) that the driver was negligent on the occasion in question; and (5) that the driver's negligence proximately caused the accident. *Williams v. Steves Industries, Inc.*, 699 S.W.2d 570, 571 (Tex. 1985). Parker asserted there was no evidence of the second through the fifth element.

Parker submitted evidence with his motion for summary judgment that Keeth had a valid driver's license. He then asserted that a valid driver's license is "prima facie

---

[2] We do not decide whether Parker conclusively established all the elements of this affirmative defense because he did not raise this as a ground for summary judgment in this motion. A trial court cannot grant summary judgment on grounds that were not presented. *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013).

evidence of [Keeth's] competence to drive, which negates the entruster's knowledge of incompetence or recklessness." This is only partially correct. The possession of a valid, unrestricted driver's license is evidence of a driver's competency **absent any evidence to the contrary.** *Batte v. Hendricks*, 137 S.W.3d 790, 791 (Tex. App.—Dallas 2004, pet. denied); *Avalos v. Brown Auto. Ctr., Inc.*, 63 S.W.3d 42, 48 (Tex. App.—San Antonio 2001, no pet.); *Bartley v. Budget Rent-A-Car Corp.*, 919 S.W.2d 747, 752 (Tex. App.—Amarillo 1996, writ denied).

Williams attached Parker's deposition testimony to his response to Parker's motion for summary judgment. In that testimony, Parker stated that he did not know if Keeth took her insulin regularly; Keeth previously had diabetic episodes due to low blood sugar on at least three occasions in the two years before the accident where she either lost consciousness or was immobile but with her eyes open, including one month prior to the accident where she passed out at Parker's house due to low blood sugar; and Keeth had candy with her to be prepared for such events. This is some evidence to rebut the presumption of competency and create a fact question as to whether Keeth was an incompetent driver and whether Parker knew or should have known she was an incompetent driver.

Parker then relied on his arguments attacking Williams' negligence cause of action to assert there was no evidence Keeth was negligent because she had lost conscious control of her actions and that loss of conscious control was unforeseeable.

Parker's assertion of unforeseeable incapacity is a defense which Williams had no burden to prove or disprove. Presenting a no-evidence motion for summary judgment on an element which a nonmovant has no burden to prove is improper. *See* TEX. R. CIV. P. 166a(i); *Selz v. Friendly Chevrolet, Ltd.*, 152 S.W.3d 833, 838 (Tex. App.—Dallas 2005, no pet.); The Honorable Judge David Hittner & Lynne Liberato, *Summary Judgments in Texas*, 54 BAYLOR L. REV. 1, 62 (2002) (stating that "[a] party may never properly urge a no-evidence [motion for] summary judgment on the claims or defenses on which it has the burden of proof").

Accordingly, because there is a fact question regarding Keeth's incompetency as a driver and whether Parker knew or should have known about that incompetency, the trial court erred in granting Parker's motion for summary judgment as to Williams' negligent entrustment cause of action.

## CONCLUSION

Having found that the trial court erred in granting judgment on all grounds raised by Parker, we sustain Williams' issues on appeal, reverse the trial court's judgment, and remand this case to the trial court for further proceedings.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Reversed and remanded
Opinion delivered and filed August 27, 2015
[CV06]

