

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00788-CV

**UNION PACIFIC RAILROAD COMPANY**,
Appellant

v.

Ann **BROWN** d/b/a Jay Construction,
Appellee

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2013CVT001716D1
Honorable Jose A. Lopez, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:        Karen Angelini, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice

Delivered and Filed: December 19, 2018

AFFIRMED

Union Pacific Railroad Company ("Union Pacific") appeals from an order granting summary judgment in favor of Ann Brown d/b/a Jay Construction ("Jay Construction") on all of Union Pacific's claims. The issues raised concern application of the Texas Anti-Indemnity Act ("TAIA"), timing of an indemnity claim, evidence of breach of contract, and granting of excess relief. We affirm.

**Facts**

On July 1, 2011, Union Pacific entered a contract ("Contract") with Jay Construction that describes the work to be performed by Jay Construction as "providing fully operated, fueled, and maintained equipment to assist [Union Pacific] forces in performing work on an as-needed basis . . . ." The Contract contains a general indemnity provision stating that Jay Construction will indemnify Union Pacific

> from any and all fines, judgments, awards, claims, decrees, demands, liability, losses, damages, injury, costs and expenses (including attorney fees and costs) of any and every kind whatsoever, including, without limitation, for injury or death to all persons . . . arising in any manner from or in the performance of this Agreement or the breach by [Jay Construction] of any provision of this Agreement.

The provision includes indemnification for claims "caused or alleged to be caused by the partial or sole negligence of [Union Pacific] and/or its employees . . . ." In addition, the Contract requires Jay Construction to "adjust, settle or appear and defend . . . all Claims made against any Railroad Indemnified Party."

In early 2013, Jay Construction was called upon to provide equipment and operators for a Union Pacific bridge repair project in Mathis, Texas. Jay Construction subcontracted that work to a company known as Rail 1. In March 2013, Union Pacific asked Rail 1 to provide three manlifts to be used on the project. Rail 1 complied by renting manlifts from a third company, NES.

A serious accident involving one of the manlifts occurred at the project site in September 2013. One Union Pacific employee (Ernie Barrera) was killed and another (Pedro Ramon) was badly injured. This accident precipitated numerous claims by Barrera's family ("Barrera") and Ramon against various defendants, as well as claims by and between Union Pacific, Jay Construction, Rail 1, and NES. This appeal involves only Union Pacific's contract claims against Jay Construction.

Union Pacific alleged that Jay Construction breached its contractual obligations to indemnify Union Pacific and to defend it against the claims asserted by Ramon and Barrera. It further alleged that Jay Construction breached the Contract by failing to provide safety training on how to operate the manlift and by hiring a subcontractor without Union Pacific's prior written permission. The latter two claims are not pursued on appeal.

Jay Construction filed an amended motion for traditional and no-evidence summary judgment[1] on claims asserted against it by Ramon and by Union Pacific. As to Union Pacific, Jay Construction alleged in its traditional motion (as pertinent to this appeal) that the contractual indemnity provision was void under the TAIA and that Union Pacific's claim for breach of the indemnity provision was premature. It also alleged that it conclusively negated Union Pacific's negligence claim because Jay Construction was "not in the chain of entities" that provided the manlift. Rather, Jay Construction argued, Rail 1 provided the manlift in its capacity as a vendor to Union Pacific, separate and apart from its capacity as Jay Construction's subcontractor on the project.

In its no-evidence motion, Jay Construction asserted that there was no evidence that (1) it "entered into any agreement or contract for the lease of the man lift involved in the accident," (2) it "breached any valid provision of the contract," or (3) Union Pacific "suffered any damages as a result of any alleged contractual breach by Jay Construction or that any liability has been established against Jay Construction."

After receiving Jay Construction's motion, Union Pacific amended its third-party petition to add a claim for declaratory judgment. Specifically, Union Pacific requested a declaration that

---

[1] Jay Construction's original summary judgment motion referenced a May 1, 2012 contract with Union Pacific. It amended its motion to reference the July 1, 2011 Contract after Union Pacific asserted that that was the contract on which its claims were based.

"Jay Construction has a contractual obligation to indemnify Union Pacific pursuant to the Contract's indemnity provision." Union Pacific then filed a response to Jay Construction's summary judgment motion, the contents of which are discussed below.

The trial court granted Jay Construction's motion on all of Union Pacific's claims against it without stating the grounds on which it was granted. All remaining claims between the various parties were subsequently settled or dismissed.

## Standard of Review

We review an order granting summary judgment *de novo*. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013); *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012). "[W]e take as true all evidence favorable to the nonmovant and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 579 (Tex. 2017).

A traditional summary judgment is proper when there are no disputed issues of material fact and the movant establishes that it is entitled to judgment as a matter of law. *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001); TEX. R. CIV. P. 166a. A defendant may establish such entitlement by conclusively negating at least one of the essential elements of a cause of action alleged against it. *See Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010).

A no-evidence summary judgment is proper only when the nonmovant fails to produce "more than a scintilla of probative evidence to raise a genuine issue of material fact." *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *see* TEX. R. CIV. P. 166a(i). "[M]ore than a scintilla of evidence exists if the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004) (internal quotation marks omitted).

"When a trial court's order granting summary judgment does not specify the grounds relied upon, the reviewing court must affirm summary judgment if any of the summary judgment grounds are meritorious." *FM Properties Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

"[I]f a no-evidence motion for summary judgment and a traditional motion for summary judgment are filed which respectively asserts the plaintiff has no evidence of an element of its claim and alternatively asserts that the movant has conclusively negated that same element of the claim, we address the no-evidence motion for summary judgment first." *Cooper v. M.N. Gumbert Corp.*, No. 04-17-00833-CV, 2018 WL 4470748, at *2 (Tex. App.—San Antonio Sept. 19, 2018, no pet. h.) (mem. op.) (quoting *Williams v. Parker*, 472 S.W.3d 467, 469–70 (Tex. App.—Waco 2015, no pet.)). But if the traditional motion challenges a cause of action on an independent ground, we consider that ground first "because it would be unnecessary to address whether a plaintiff met his burden as to the no-evidence challenge if the cause of action is barred as a matter of law." *Id.* (citing *Lotito v. Knife River Corp.-S.*, 391 S.W.3d 226, 227 n.2 (Tex. App.—Waco 2012, no pet.)).

In its no-evidence motion, Jay Construction challenged Union Pacific's evidentiary support for the essential elements of (1) the existence of a valid contract, (2) breach of that contract, and (3) damages resulting from the breach. It also moved for traditional summary judgment on the independent ground (among others) that Union Pacific's indemnity claim is barred by the TAIA. The applicability of the TAIA is a threshold issue, resolution of which may obviate the need to consider the merits of the no-evidence summary judgment. We therefore consider that issue first.

## Discussion

### *Applicability of the Texas Anti-Indemnity Act*

The Contract required Jay Construction to indemnify Union Pacific for claims "including those caused or alleged to be caused by the partial or sole negligence" of Union Pacific. It also required Jay Construction to provide Union Pacific a defense against such claims. In its first issue

on appeal, Union Pacific challenges the trial court's implied ruling that the Contract is subject to the TAIA. That statute provides, in pertinent part:

> [A] provision in a construction contract, or in an agreement collateral to or affecting a construction contract, is void and unenforceable as against public policy to the extent that it requires an indemnitor to indemnify, hold harmless, or defend a party . . . against a claim caused by the negligence or fault . . . of the indemnitee, its agent or employee, or any third party under the control or supervision of the indemnitee . . . .

TEX. INS. CODE ANN. § 151.102. The statute expressly applies to both an obligation to indemnify and an obligation to defend.

Union Pacific responded that the TAIA does not apply to the Contract because the Contract was executed on July 1, 2011, six months before the January 1, 2012 effective date of the statute.

H.B. 2093, which enacted the TAIA, explains the application of the statute's effective date:

> The changes in law made by this Act apply only to an original construction contract . . . that is entered into on or after the [January 1, 2012] effective date of this Act. If an original construction contract . . . is entered into on or after the effective date of this Act, the changes in law made by this Act apply . . . . If an original construction contract . . . is entered into before the effective date of this Act, that original construction contract . . . [is] governed by the law in effect immediately before the effective date of this Act, and that law is continued in effect for that purpose.

Act of May 29, 2011, 82d Leg., R.S., ch. 1292, § 3(b), 2011 Tex. Gen. Laws 3612, 3614 (H.B. 2093).[2]

It is undisputed that the Contract was entered into before the effective date of the TAIA. But the Contract states that it "shall continue for a period of 2 YEAR(S) from the Effective Date

---

[2] This section of H.B. 2093, "while uncodified, is still binding law. The language of Section 3(b) does not come from a draft version of the bill, but rather is found in the final, enrolled version, as signed by the governor. Uncodified session law is law nonetheless." *United States of Am. for the Use & Benefit of E J Smith Constr., Co., LLC v. Travelers Cas. & Sur. Co.*, No. 5:15-CV-971 RP, 2016 WL 1030154, at *5 (W.D. Tex. Mar. 10, 2016) (citing *AlYahnai Fountain Hawkins v. State*, No. 11-04-00278-CR, 2005 WL 2156981, at *2 (Tex. App.—Eastland Sept. 8, 2005, no pet.); *Ward Cty. Irrigation Dist. No. 1 v. Red Bluff Water Power Control Dist.*, 170 S.W.3d 696, 697-98 (Tex. App.—El Paso 2005, no pet.); *Tijerina v. Tijerina*, No. 01-96-01046-CV, 1997 WL 760535, at *1 (Tex. App.—Houston [1st Dist.] Dec. 11, 1997, no pet.)).

unless sooner terminated as provided herein." The two-year termination date was June 30, 2013. Effective June 11, 2013, however, the parties entered into Change Order No. 3, which revised certain work and compensation provisions and extended the term of the Contract to August 15, 2013.

In December 2013, the parties entered Change Order No. 4, with an effective date of November 4, 2013. That Change Order also revised certain work and compensation provisions and extended the term of the Contract to December 15, 2013. Both Change Orders state that they are not to be "construed as amending or modifying the Basic Agreement *except as herein specifically provided*." (Emphasis added.)

The accident underlying this lawsuit occurred on September 4, 2013, during an apparent gap between the August 15, 2013 extension date provided in Change Order No. 3 and the November 4, 2013 effective date of Change Order No. 4.

Jay Construction argues that the Change Orders fall within the TAIA because they constitute new contracts that were executed after the effective date of the statute. Union Pacific counters that only the July 1, 2011 Contract is relevant because Jay Construction's duty to indemnify arose before the original June 30, 2013 termination date. Specifically, Union Pacific argues that Jay Construction's duty to indemnify arose on March 27, 2013, the date the manlift was delivered to the job site, because Ramon's and Barrera's negligence claims were based on a failure to provide training, which should have been provided at the time of delivery. We disagree.

Ramon and Barrera alleged that Union Pacific was negligent in failing to properly train them and other employees on the use of the manlift. This failure to train was not alleged to have occurred on any particular date. In any event, the failure to train did not give rise to a negligence claim until it proximately caused injury, which is alleged to have occurred on September 4, 2013. *See Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998) (absent application of the discovery rule,

"a cause of action accrues when a wrongful act causes an injury"). Union Pacific essentially contends that Jay Construction's duty to indemnify it predated the accrual of the claims for which it seeks indemnity. This contention is not only not supported by any legal authority, it is contrary to the plain language of the indemnity clause of the Contract, which provides for indemnification for "claims" of negligence by Union Pacific. Similarly, Jay Construction's duty to defend could not possibly have arisen before there was any claim to defend against.

Union Pacific next argues that the two Change Orders operated to extend the Contract to December 15, 2013 without creating a new contract. It urges that Change Order No. 3 extended the Contract term from June 30, 2013 to August 15, 2013. Then Change Order No. 4 (despite its express effective date of November 4, 2013) extended the Contract term from August 15, 2013 to December 15, 2013. This argument does not accurately reflect the content or effect of the Change Orders.

Both Change Orders include additional work to be performed and revisions to the compensation provided under the Contract. Rather than simply extending the term of the Contract, they substantively modified it. "A modification to a contract creates a new contract that includes the new modified provisions and the unchanged old provisions." *Blackstone Med., Inc. v. Phoenix Surgicals, L.L.C.*, 470 S.W.3d 636, 647 (Tex. App.—Dallas 2015, no pet.); *see Hobby Lobby Stores, Inc. v. Standard Renewable Energy, LP*, No. 02-15-00124-CV, 2016 WL 4247969, at *8 (Tex. App.—Fort Worth Aug. 11, 2016, pet. denied) (mem. op.).

Change Order No. 3 modified the terms of the Contract and therefore created a new contract in June 2013. Similarly, Change Order No. 4 contained further modifications and therefore created a new contract in December 2013, effective November 4, 2013.

The only document that even arguably creates contractual indemnity and defense obligations covering the September 4, 2013 accident is Change Order No. 4. Without that

document, the terms of the July 1, 2011 Contract, even as extended by Change Order No. 3, terminated and were of no force or effect as of August 15, 2013. Change Order No. 4 created a new contract which was executed after the January 1, 2012 effective date of the TAIA and is subject to that Act. To the extent that the indemnity and defense provisions contained in that new contract[3] required Jay Construction to indemnify and defend against claims of Union Pacific's own negligence, those provisions are void. *See* TEX. INS. CODE ANN. § 151.102 (voiding provisions in construction contract to indemnify or defend party for own negligence).

Union Pacific argues in the alternative that, between the expiration of Change Order No. 3 and the effective date of Change Order No. 4, "the contract was impliedly extended by the parties' conduct." It is true that continued performance after the expiration of an express contract may give rise to a new implied contract or the implied extension of the expired contract. *See Double Diamond, Inc. v. Hilco Elec. Co-op., Inc.*, 127 S.W.3d 260, 266 (Tex. App.—Waco 2003, no pet.) (continued performance may create implied extension of expired contract); *Emmer v. Phillips Petro. Co.*, 668 S.W.2d 487, 490 (Tex. App.—Amarillo 1984, no writ) (continued performance may create new implied contract). But even if the parties' conduct in this case operated as an implied extension, it extended the contract created by Change Order No. 3, not the July 1, 2011 Contract. Because the contract created by Change Order No. 3 was executed after the effective date of the TAIA, that statute still operates to void the indemnity and defense provisions.

Union Pacific next asserts that, because the TAIA voids the indemnity provision only to the extent it requires indemnification for Union Pacific's own negligence, we should remand for a determination of "the extent of Jay Construction's indemnity obligations to Union Pacific, if any,

---

[3] The indemnity and defense provisions of the Contract, being unmodified by the Change Orders, carried forward to the new contracts. *See Blackstone Med.*, 470 S.W.3d at 647 (new contract includes new modified terms and old unchanged terms).

for the negligence or fault of Jay Construction, Rail 1, or NES." But Union Pacific does not identify any pleading in which any party has asserted that Union Pacific is liable for the negligence or fault of any other party. Ramon and Barrera each sued Union Pacific for its own negligence. The TAIA voids Jay Construction's obligation to indemnify Union Pacific for that negligence. No other indemnity issue remains for remand.

We note that Jay Construction did not expressly argue in its traditional summary judgment motion that the TAIA voids the Contract provision requiring it to defend Union Pacific against claims arising from its own negligence. But even if the trial court erred in granting summary judgment on the duty to defend claim, that error does not require reversal.

"Although a trial court errs in granting a summary judgment on a cause of action not expressly presented by written motion, . . . the error is harmless when the omitted cause of action is precluded as a matter of law by other grounds raised in the case." *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297-98 (Tex. 2011). Union Pacific's failure to defend claim was precluded as a matter of law by other grounds properly raised in Jay Construction's motion. Specifically, Jay Construction alleged and established that the contractual indemnity provision is void under the TAIA as a matter of law. The TAIA, by its express terms, applies to both indemnity and defense provisions. The contractual defense provision is therefore also void under the TAIA as a matter of law.

Jay Construction negated the duty element of Union Pacific's defense and indemnity claims as a matter of law and established its entitlement to summary judgment on those claims.

*Premature indemnity claim*

In its second issue on appeal, Union Pacific challenges the implied ruling that its claim for indemnity was premature. Because we have held above that the contractual provision on which

Union Pacific's indemnity claim is based is void, we need not address whether that claim was premature.

## Breach of contract

In its third issue on appeal, Union Pacific contends that there are genuine issues of material fact that preclude a no-evidence summary judgment on its claims for breach of contract. It specifically argues that it produced evidence that Jay Construction breached its contractual obligations to defend and indemnify Union Pacific. We have held above that the portions of the Contract creating the duties to defend and indemnify Union Pacific for its own negligence are void. We have also recognized that all of the claims against Union Pacific arise from allegations of Union Pacific's own negligence. Because Jay Construction had no duty to defend or indemnify those claims, its refusal to defend or indemnify does not constitute a breach of contract as a matter of law.

The trial court did not err by granting summary judgment in Jay Construction's favor on Union Pacific's breach of contract claims.

## Excess summary judgment relief

Union Pacific's final complaint is that the trial court granted summary judgment on its declaratory judgment claim even though that claim was not addressed in Jay Construction's summary judgment motion.

A motion for summary judgment must expressly present grounds on which judgment is sought. TEX. R. CIV. P. 166a. Because of this requirement, it is generally reversible error to grant a summary judgment on a claim not addressed in the summary judgment motion. *G & H Towing*, 347 S.W.3d at 297. But, as noted above, "the error is harmless when the omitted cause of action is precluded as a matter of law by other grounds raised in the case." *Id.* at 297-98. This court has similarly held,

when a summary judgment movant fails to amend its motion after an amended or supplemental petition, we may affirm the summary judgment if (1) the amended or supplemental petition essentially reiterates previously pleaded causes of action, (2) a ground asserted in the motion for summary judgment conclusively negates a common element of the newly and previously pleaded claims, or (3) the original motion is broad enough to encompass the newly asserted claims.

*Garcia v. Lloyds*, 514 S.W.3d 257, 263 (Tex. App.—San Antonio 2016, pet. denied).

The declaration Union Pacific sought was that "Jay Construction has a contractual obligation to indemnify Union Pacific pursuant to the Contract's indemnity provision." But whether Jay Construction had a duty to indemnify is necessarily encompassed within, and determined by, Jay Construction's summary judgment grounds asserting application of the TAIA. Any error in granting summary judgment on the declaratory judgment claim is harmless because that claim is precluded as a matter of law by the court's ruling on Jay Construction's TAIA grounds. *See Magee*, 347 S.W.3d at 297-98.

In addition, Union Pacific tacitly concedes that its declaratory judgment claim essentially reiterates previously pleaded claims. Rather than attempting to distinguish the declaratory judgment claim, it argues only that Jay Construction was not entitled to summary judgment on that claim for the same reasons it was not entitled to summary judgment on Union Pacific's other claims. We may therefore affirm the summary judgment on the declaratory judgment claim despite Jay Construction's failure to amend its motion to expressly include that claim. *See Garcia*, 514 S.W.3d at 263.

## Conclusion

Union Pacific's claims against Jay Construction are founded on contractual provisions requiring Jay Construction to defend and indemnify Union Pacific against claims arising from Union Pacific's own negligence. Those provisions are void under the TAIA. Union Pacific's claims therefore fail as a matter of law.

The trial court's summary judgment order is affirmed.

Irene Rios, Justice