COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


| | | |
|---|---|---|
| MODY SAID, | § | No. 08-22-00074-CV |
| Appellant, | § | Appeal from the |
| v. | § | 250th Judicial District Court |
| ALEX VALDES AND WESTGATE MOMARK, LLC, | § | Of Travis County, Texas |
| | § | (TC# D-1-GN-21-005869) |
| Appellees. | | |

## **O P I N I O N**

### BACKGROUND

Appellant challenges a summary judgment granted in favor of Appellees and the denial of his motion for new trial. We affirm.[1]

### *Factual Background*

This suit arose after Appellant attempted to purchase affordable housing property in Austin, Texas. On June 9, 2020, Appellant and Westgate Momark, LLC. (Westgate) executed a purchase agreement for the sale of Unit 3203 at Westgate Grove Condominiums. Pursuant to the purchase agreement, Appellant was required to provide eligibility information and the sale was conditioned

---

[1] This case was transferred from the Third Court of Appeals in Austin, Texas, pursuant to the Texas Supreme Court's docket equalization efforts. *See* TEX. GOV'T CODE ANN. section 73.001. We follow the precedent of the Third Court of Appeals to the extent it might conflict with our own. *See* TEX. R. APP. P. 41.3.

on Appellant obtaining income certification from the City of Austin within sixty days of June 9, 2020—the effective date of the purchase agreement. Appellant did not timely obtain and furnish the income certification. The purchase agreement was terminated on October 14, 2021.

### *Procedural Background*

Appellant filed suit against Westgate and Alex Valdes (collectively, Appellees), on October 5, 2021, for breach of contract.[2] Appellees answered on November 4, 2021, asserting affirmative defenses of material breach and failure of condition precedent or condition subsequent. Appellees also filed a motion for summary judgment. The initial notice of hearing was attached to the motion, which was set for December 7, 2021. On December 6, 2021, Appellees served an amended notice of hearing, set for January 4, 2022. Appellant filed an unverified response to Appellees' motion for summary judgment on December 20, 2021. The summary judgment hearing was held on January 4, 2022, via Zoom. The trial court granted summary judgment in favor of Appellees on January 4, 2022.

Appellant filed an unverified motion for new trial on January 31, 2022. On March 7, 2022, Appellant filed an untimely, amended motion for new trial. A hearing on Appellant's motion was held on March 8, 2022. The trial court struck the untimely, amended motion for new trial, and denied Appellant's motion for new trial. This appeal followed.

### DISCUSSION

1. **Appellees' motion for summary judgment was properly granted.**

Appellant challenges a summary judgment granted in favor of Appellees and asserts the trial court erred in denying his motion for new trial.[3] We disagree.

---

[2] Alex Valdes is a Texas attorney who represented Westgate both prior to and during this matter.
[3] Appellant presents his arguments in eleven issues. However, due to overlap, we consolidate them into two issues and address them where we deem necessary.

### Standard of Review

We review the grant of a motion for summary judgment de novo. *Williams v. Parker*, 472 S.W.3d 467, 469 (Tex. App.—Waco 2015, no pet.). In a traditional motion for summary judgment, the movant must state specific grounds, and a defendant who conclusively negates at least one essential element of a cause of action, or conclusively establishes all the elements of an affirmative defense, is entitled to judgment as a matter of law. *Id.* (citing TEX. R. CIV. P. 166a(c)). The movant has the burden of showing there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548 (Tex. 1985). The trial court must grant the motion unless the nonmovant raises a genuine issue of material fact on each challenged element. *KCM Financial LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015).

### Applicable Law

The essential elements of a breach of contract claim are: (1) existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) a breach of the contract by the defendant; and (4) damages sustained as a result of the breach. *B & W Supply, Inc. v. Beckman*, 305 S.W.3d 10, 16 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

### Analysis

Appellees filed a motion for summary judgment in response to Appellant's suit for breach of contract. In their motion, Appellees argued they could conclusively establish, as a matter of law, that no income certification was provided, and such proof conclusively negates the performance and breach elements of the breach of contract claim.

Pursuant to the purchase agreement, the sale of the property and the obligations of the parties were subject to an affordable housing program. As part of such affordable housing program,

sale of the property was conditioned on Appellant obtaining approval from the City of Austin of income certification within sixty days of the effective date of the purchase agreement. The effective date of the purchase agreement was June 9, 2020.

Section 2.05 of the purchase agreement specifically provides:

**2.05. <u>Affordable Housing Program; Purchaser's Agreement to Obtain Income Certification.</u>**

The sale of the Property and the obligations of the parties under this Agreement are subject to an affordable housing program, and Purchaser will be required to execute and record against the Property certain restrictions related to the affordable housing program on the Property at or before the Closing of the Property. *As part of such affordable housing program, Purchaser shall be required to obtain approval from the City of Austin of the Purchaser's income certification (the '**Income Certification**')* *within sixty (60) days of the Effective Date of this Agreement (the '**Income Certification Period**'). In the event Purchaser is unable to obtain Income Certification prior to the expiration of the Income Certification Period, Seller shall be entitled to terminate this Agreement by written notice to Purchaser*. In the event Seller elects to terminate this Agreement as permitted by this *Section 2.05,* the Title Company shall promptly return to Purchaser the Earnest Money paid by Purchaser and any accrued interest related thereto, Seller shall promptly return any Upgrade Payment paid by Purchaser to Seller, and neither party shall have any further rights or obligations hereunder, except for those rights and obligations that expressly survive the termination of this Agreement. *Seller and Purchaser hereby acknowledge that Purchaser's obligation to consummate the transaction contemplated by this Agreement <u>is conditioned on</u> Purchaser's ability to obtain the Income Certification.* (emphasis added).

Appellant never tendered the required income certification. Numerous communications were sent to Appellant seeking confirmation of eligibility, but Appellant did not respond. Westgate sent Appellant written notice of termination on September 22, 2021. The purchase agreement was then terminated on October 14, 2021.

Appellees attached the following as summary judgment evidence: (1) the declaration of Robin Lafleur, the program manager, in which she states Appellant failed to provide the income

4

certification; (2) the affordable housing covenant; (3) the purchase agreement; (4) email correspondence to Appellant; and (5) the termination letter. Appellant, however, did not appear at the summary judgment hearing and did not submit summary judgment evidence. Additionally, Appellant's response to Appellees' motion for summary judgment was not verified, which the trial court acknowledged.[4]

In any case, the purchase agreement plainly states Westgate's obligation to consummate the transaction was conditioned on Appellant obtaining the required income certification within sixty days of June 9, 2020. In response to a motion for summary judgment, a nonmovant must expressly present to the trial court the issues that would defeat the movant's right to a summary judgment. *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678-79 (Tex. 1979) ("With the exception of an attack on the legal sufficiency of the grounds expressly raised by the movant in his motion for summary judgment, the non-movant must expressly present to the trial court any reasons seeking to avoid movant's entitlement . . . and he must present summary judgment proof when necessary to establish a fact issue. . . . [T]he non-movant must now, in a written answer or response to the motion, expressly present to the trial court those issues that would defeat the movant's right to a summary judgment and failing to do so, may not later assign them

---

[4] The following exchange regarding Appellant's unverified response occurred during the summary judgment hearing:

THE COURT: Let me ask you a quick question. Was his response verified? Was it sworn to?

MR. VALDES: No, your Honor. Here's his response.

THE COURT: Okay. Because, see, we can just cut to the chase on that if it's not sworn to; right? I mean --

MR. VALDES: Right. Your Honor, he talks about -- you're correct, Your Honor. This is not an effective response. It doesn't address the issues. It contains no evidence. It's not sworn to. And oddly enough, it contains some allegations about the FBI. I think he's filed a lawsuit in federal court against the FBI . . . .

THE COURT: Okay. All right. You're [sic] MSJ is going to be granted.

5

as error on appeal."). Appellant did not do so. Appellees, however, did provide summary judgment evidence that conclusively negated the performance and breach elements of Appellant's breach of contract claim. Accordingly, Appellees were entitled to judgment as a matter of law and summary judgment granted in their favor was proper. Issues Four, Five, and Six are overruled.[5] [6]

## 2. Appellant's motion for new trial was properly denied.

Appellant maintains the trial court erred in denying his motion for new trial. We disagree.

### *Standard of Review*

The denial of a motion for new trial is reviewed for an abuse of discretion. *Limestone Constr., Inc. v. Summit Commercial Indus. Props., Inc.*, 143 S.W.3d 538, 542 (Tex. App.—Austin 2004, no pet.). Abuse of discretion occurs when a trial court fails to correctly analyze or apply the law. *Id.* The test is whether the trial court acted arbitrarily or without reference to any guiding legal

---

[5] Appellant claims he did not receive the amended notice of hearing on the motion for summary judgment, which had been rescheduled to January 4, 2022. However, Appellees maintain they served an amended notice of the rescheduled hearing on December 6, 2021. Although Appellant did not designate a copy of the amended notice of hearing in the record, it is listed in the court's docket record and proof of service is included in the record. The notification of service is dated December 6, 2021, was sent via e-file, and includes Appellant's name and email address. Receipt of the amended notice is further evidenced by the fact that Appellant responded to Appellees' motion for summary judgment on December 20, 2021—beyond the original hearing date of December 7. We find the hearing was properly noticed and served on Appellant. Issue Three is overruled.

[6] Appellant also challenges the trial court's jurisdiction. The suit was filed in the 250th District Court of Travis County, Texas. The summary judgment hearing was held before the 353rd District Court of Travis County, Texas. Appellant claims he and the 250th District Court were unaware the hearing would be held before the 353rd District Court and accordingly, the 353rd District Court did not have jurisdiction. However, as approved by the Texas Supreme Court, the Travis County District Courts operate on a central docket system. Rule 1.3 of the Travis County Local Rules of Civil Procedure and Rules of Decorum provides, in pertinent part:

> The District Clerk will file cases by distributing them equally, on a rotating basis, among the District Courts. However, hearings are assigned to available judges without regard to the court in which the case is filed. For all matters, therefore, the District Court identified in the style of the case does *not* mean the judge of that court will conduct the hearing. Unless a case is specially assigned to a particular judge, pursuant to these rules, each hearing in a case may be heard by any judge. For non-jury cases on the Short Central Docket, the Court Administrator assigns the hearings to available judges.

*See* Travis Cty. (Tex.) Loc. R. 1.3. Accordingly, the summary judgment hearing was properly held before the 353rd District Court. Issues One, Two, and Seven are overruled.

principles. *Id.* Trial courts are afforded broad discretion in ruling on motions for new trial and its ruling will not be disturbed on appeal absent a showing of an abuse of discretion. *Cliff v. Huggins*, 724 S.W.2d 778, 778 (Tex. 1987).

*Analysis*

Although Appellant filed an amended motion for new trial, the trial court struck it as untimely. As such, we look to his original pleading, which was not verified by affidavit. In any case, Appellant's motion for new trial is based on the alleged lack of notice of the summary judgment hearing, and he also contends the grant of summary judgment is based on the fabrication of facts. According to Appellant, him not receiving notice was deliberate, by way of the FBI's alleged involvement. However, his claims are not supported; Appellant's motion for new trial did not include any attached evidence, and Appellant also did not submit evidence at the hearing on the motion for new trial.

Moreover, as analyzed above, we have already determined the summary judgment hearing was properly noticed and served on Appellant, he also did not appear at the summary judgment hearing and did not submit evidence that would have defeated Westgate's right to a summary judgment. Accordingly, we held summary judgment granted in favor of Appellees was proper. Because the basis of Appellant's motion for new trial is a contest to the grant of summary judgment, it follows that denial of his motion for new trial was also proper given Appellees were entitled to judgment as a matter of law. Therefore, the trial court did not abuse its discretion in denying Appellant's motion for new trial. Issues Eight, Nine, Ten, and Eleven are overruled.

## CONCLUSION

For these reasons, we affirm.[7, 8]

YVONNE T. RODRIGUEZ, Chief Justice

February 17, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

---

[7] Appellees challenge Appellant's appendix as improper. However, we did not rely on any appendix items outside of the record.

[8] Appellees also assert Appellant failed to cite to the record in accordance with the Texas Rules of Appellate Procedure. *See generally Schlafly v. Schlafly*, 33 S.W.3d 863, 873 n.8 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) ("We note that [Appellant's] appellate brief does not contain any references to the record in its 'Statement of Facts,' and that his argument under this issue makes only one reference to the record. This briefing is in clear violation of Texas Rule of Appellate Procedure 38.1(f)."). We do not find that to be the case here; Appellant's citations are sufficient for our review and reaching the merits of his appeal was reasonably possible for us to do. *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008).